WILLIS, Judge,
with whom BAKER and BRAY, Judges, join, dissenting. •
The trial court gave no erroneous instruction. At issue here is not the correctness of the trial court’s response to the jury’s question, but rather the manner in which the trial court answered that question.
The trial court told the jury that they had instructions defining the two separate charges on trial and that they were to apply the evidence and determine whether either charge had been proven. The trial court instructed the jury that they were to make a decision on each charge. This instruction was correct. It was the duty of the jury to determine the merits of each charge separately, based upon the evidence and the court’s instructions with respect to each charge. The instruction required by the majority opinion would have put the trial court in the position of participating improperly in the guilt-determination process.
When, after discussion with counsel, the trial court announced the response that it intended to give, defense counsel asserted no disagreement. Indeed, her response suggests acquiescence. Thus, counsel failed to preserve this issue for appeal. Rule 5A:18.
I perceive no reason to invoke the “ends of justice” exception of Rule 5A:18. Johnson deliberately fired a handgun at a security guard who was attempting to apprehend him lawfully. The evidence of those circumstances would have supported a conviction of attempted malicious wounding. A mere inconsistency in the jury’s verdicts does not render the verdicts invalid. See Wolfe v. Commonwealth, 6 Va.App. 640, 647, 371 S.E.2d 314, 318 (1988).
I would affirm the judgment of the trial court.